IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Crum, :
          Petitioner, : Civil Action 2:05-mc-72

v. : Judge Sargus

Lawrence County Common Pleas Court, *et al.*, :
                                           : Magistrate Judge Abel
          Respondent,
                                           :

**ORDER**

      Plaintiff Robert P. Crum, a state prisoner, has sought to "remove" from the Lawrence County Common Pleas Court, a criminal prosecution brought against him. Crum seeks to attack the constitutionality of the criminal prosecution. This Court is treating Crum's petition as one for a writ of habeas corpus under the provisions of 28 U.S.C. § 2254. On November 9, 2005, this Court issued a Report and Recommendation on its own motion pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge recommended that Crum's petition be dismissed because he has failed to exhaust his Ohio court remedies (doc. 2). Crum has not filed any objections to the Report and Recommendation.

      At the time of filing his petition, Crum was incarcerated in the Lawrence County Jail awaiting trial in *State v. Crum*, Case No. 05-CR-11. His November 9, 2005 petition fails to include "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" him in the criminal prosecution as required by 28 U.S.C. § 1446(a). Further, there does not appear to be any basis for removal of this criminal prosecution to federal court. *See* 28 U.S.C. §§ 1442(a) and 1442a.

Since Crum challenges the constitutionality of the state court prosecution, his petition is properly treated as a one for a writ of habeas corpus. 28 U.S.C. § 2254. Crum, however, has not exhausted his available Ohio court remedies for his constitutional claims. A state prisoner seeking federal habeas relief must first exhaust the remedies available to him in state court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270 (1971). In Ohio, the remedies include direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court and filing a petition for post-conviction relief under Ohio Revised Code § 2953.21. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970); *Manning v. Alexander*, 912 F.2d 878 (6th Cir. 1990). A habeas petition in federal district court containing claims which have not yet been exhausted must be dismissed. *Rose v. Lundy*, 455 U.S. 509 (1982); *Pilette v. Foltz*, 824 F.2d 494 (6th Cir. 1987).

Upon *de novo* review, the Court **ADOPTS** the Report and Recommendation and **DENIES** Petitioner Robert P. Crums' November 9, 2005 petition for writ of habeas corpus (doc. 1) because he has failed to exhaust his Ohio court remedies. The November 9, 2005 Report and Recommendation (doc. 2) is **AFFIRMED** and **ADOPTED**. This case is **DISMISSED**.

                                                                  1-12-2006  
                                            Edmund A. Sargus, Judge  
                                            United States District Court